UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ASHTON W. BATISTE | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 19-11474 |
| | * | |
| WALMART INC. D/B/A WALMART NEIGHBORHOOD MARKET AND | * | JUDGE MARTIN FELDMAN |
| | * | |
| WAL-MART LOUISIANA, LLC D/B/A | * | MAGISTRATE MICHAEL NORTH |
| WALMART NEIGHBORHOOD MARKET | * | |
| | * | JURY TRIAL |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

MAY IT PLEASE THE COURT:

Defendants, Walmart Inc. and Wal-Mart Louisiana, LLC (hereinafter collectively referred to as "Walmart"), respectfully submit this Memorandum in Support of their Motion for Summary Judgment. For the following reasons, no genuine issues of material fact exist concerning (1) the existence of an unreasonably dangerous condition, let alone any condition, on the premises which may have caused Elton Batiste Jr.'s fall; or (2) Walmart's creation or actual or constructive notice of a condition on the premises, and as such, as a matter of law, Plaintiff cannot satisfy his burden of proof against Walmart.

**I.      FACTS**

Plaintiff Ashton W. Batiste alleges that on June 18, 2018, his father, Elton Batiste Jr. (hereinafter referred to as "Mr. Batiste"), slipped and fell in a puddle of rainwater on the floor in the open cart vestibule (hereinafter referred to as "cart corral") at a Walmart Neighborhood Market, causing injuries and contributing to Mr. Batiste's death.[1]

---

[1] Exhibit A, Petition for Damages.

Mr. Batiste's sister, Cheryl Ann Batiste (hereinafter referred to as "Ms. Batiste"), was with Mr. Batiste at the time of his slip and fall incident at Walmart.[2] Ms. Batiste testified at her deposition that on the day of Mr. Batiste's incident, she and Mr. Batiste went to the Walmart Neighborhood Market to pick up groceries and Mr. Batiste's medication.[3] It was raining outside when they arrived at the store.[4]

After they exited their car, Mr. Batiste walked ahead of Ms. Batiste across a wet sidewalk and entered the inside the Walmart through the cart corral entrance where the shopping carts were located.[5] **It was obvious that the cart corral entrance was the entrance for bringing in shopping carts**.[6] While standing inside the cart corral, Mr. Batiste slipped and fell.[7] Ms. Batiste, who had her umbrella out at the time as she was walking, then rushed across the wet sidewalk to the incident scene to assist Mr. Batiste and dropped her umbrella to the ground.[8]

Significantly, Ms. Batiste **does not** know what caused Mr. Batiste to fall as she never looked at the floor.[9] She admittedly **does not** know if there was water or anything on the floor.[10] In fact, she **never observed nor noticed** if there was any water or anything on the floor in the area where Mr. Batiste fell.[11] The photographs taken at the scene sometime after Plaintiff's incident also confirm there was no puddle of rainwater on the ground inside the cart corral.[12]

Further, *assuming arguendo* that there was a substance on the floor, Ms. Batiste **does not**

---

[2] Exhibit B, Cheryl Ann Batiste's Deposition transcript attached at pp. 43, 57.
[3] Exhibit B at p. 42.
[4] Exhibit B at p. 45.
[5] Exhibit B at pp. 46-47; 49; 55; 62-63.
[6] Exhibit B at pp. 54-55, 61; Exhibit D, Photographs of Incident Scene. Undersigned counsel was unable to have the Walmart Asset Protection Manager execute an affidavit of authenticity for the photographs because the Walmart Asset Protection Manager was recently diagnosed with COVID-19, and he is currently unavailable to meet with as he is at home sick with the virus.
[7] Exhibit B at pp. 51, 54.
[8] Exhibit B at p. 56, 62.
[9] Exhibit B at p. 59.
[10] Exhibit B at pp. 59-60.
[11] Exhibit B at pp. 59-60, 61.
[12] Exhibit D, Photographs of Incident Scene.

know how long the substance was on the floor before Mr. Batiste's incident.[13] She **does not** know if any Walmart employee knew there was any substance on the floor prior to Mr. Batiste's incident.[14] In fact, there were no Walmart employees in the incident area at the time of Plaintiff's fall as the only other person standing in the area at the time was another customer.[15]

Plaintiff, who was also deposed in this matter, admitted that he **does not** know what, if anything at all, was on the floor in the area where Mr. Batiste fell at Walmart.[16] Further, *assuming arguendo* that there was a substance on the floor, he **does not** know how the condition was created or where it came from.[17] He **does not** know if any Walmart employee knew there was anything on the floor in the incident area prior to Mr. Batiste's fall.[18]

Thus, there is no affirmative evidence brought forth by Plaintiff to recover under the requirements of La. R.S. 9:2800.6 because there is no indication that an unreasonably dangerous condition, or let alone any condition, caused Mr. Batiste's fall. Alternatively, Plaintiff cannot recover under the requirements of La. R.S. 9:2800.6 because there is no indication that Walmart caused or created any condition on the floor, the Walmart associates knew there was a condition on the floor, or that any condition was present for a sufficient period of time to create constructive knowledge on the part of Walmart.

Accordingly, for the following reasons, there is no factual dispute, and summary judgment is appropriate as a matter of law in this matter.

---

[13] Exhibit B at pp. 61-62.
[14] Exhibit B at p. 62.
[15] Exhibit B at pp. 51, 54.
[16] Exhibit C, Plaintiff's deposition transcript at p. 29.
[17] Exhibit C at p. 29.
[18] Exhibit C at p. 29.

## II. LAW AND ARGUMENT

### A. Summary Judgment Standard

A motion for summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[19] Walmart, as the movant, bears the initial burden of pointing out to the Court the absence of a genuine issue of material fact.[20] Once Defendant has made this showing, Plaintiff must come forward with "specific facts showing that there is a genuine issue for trial."[21] "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[22] The party seeking summary judgment need not produce evidence negating the existence of a material fact but need only point out the absence of evidence supporting the other party's case in order to prevail on a motion for summary judgment.[23]

### B. Plaintiff Cannot Meet His Burden of Proving the Essential Legal Elements of His Claim Under La. R.S. 9:2800.6

In a diversity case, Louisiana substantive law applies.[24] "This case is governed by the Louisiana Merchant Liability Act, which places a **heavy burden of proof on plaintiffs** in claims against a merchant for damages arising out of a fall on the premises."[25]

Louisiana R.S. 9:2800.6, the Louisiana Merchant Liability Act, sets forth a plaintiff's burden of proof in negligence actions involving slip and fall incidents on a merchant's premises due to a condition in or on the premises. Louisiana jurisprudence has explained that:

> To recover under La. R.S. 9:2800.6, **[the plaintiff] must show that she was**

---

[19] Fed. R. Civ. P. 56(a).
[20] *Stults v. Conoco*, 76 F.3d 651 (5th Cir.1996).
[21] *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Tubacex, In c. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir.1995).
[22] *Pylant v. Hartford Life and Accident Ins. Co.*, 497 F.3d 536, 538 (5th Cir.2007), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).
[23] *Chaney v. Lucia*, 2013 WL 2147479, *2 (E.D. La. 5/15/13).
[24] *Erie R. Co. v. Thompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed.1188 (1938).
[25] *Poindexter v. Lowe's Home Centers Inc.*, 2016 WL 1259861, at *2 (W.D. La. Mar. 28, 2016).

damaged '**because of a fall due to a condition existing in or on a merchant's premises**' and she has the burden of proving all of the following: (1) **The condition presented an unreasonable risk of harm** ... and that risk of harm was reasonably foreseeable; (2) **The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence**; and (3) The merchant failed to exercise reasonable care.[26]

The plaintiff bears the burden of proving each requirement enumerated by the statute.[27] "The burden of proof [under the statute] does not shift to the defendant at any point."[28] "The failure to prove any of the requirements enumerated in La. R.S. 9:2800.6 is fatal to plaintiff's cause of action."[29]

### 1. This Court Should Dismiss Plaintiff's Claims Against Walmart Because Plaintiff Has Not Met His Burden of Showing That There Existed an Unreasonably Dangerous Condition Which Caused Mr. Batiste's Alleged Incident.

"In the context of slip and fall cases, proof of hazardous conditions requires [the] plaintiff to prove the existence of a foreign substance on the floor or an otherwise unreasonably dangerous or unsafe condition."[30] In other words, in order to bring a claim against a merchant, "[a] Plaintiff must first show that he has fallen on a foreign substance or object on the floor in order to establish a prima facie case"[31] as the "Plaintiff bears the burden of proving that a foreign substance or hazard caused her to fall and sustain an injury."[32]

Here, Plaintiff has not met his burden of showing that there existed an unreasonably

---

[26] *Thibodeaux v. Brookshire Grocery Co.*, 2018-313 (La. App. 3 Cir. 11/7/18) (**emphasis** added); La. R.S. 9:2800.6.
[27] *White v. Wal-Mart Stores, Inc.*, 1997-0393 (La. 9/9/97), 699 So. 2d 1081.
[28] *Poindexter v. Lowe's Home Centers Inc.*, 2016 WL 1259861, at *2 (W.D. La. Mar. 28, 2016).
[29] *Bertaut v. Corral Gulfsouth, Inc.*, 209 So. 3d 352, 356 (La. App. 5th Cir. 2016); *see also Lewis v. Jazz Casino Co., L.L.C.*, 245 So. 3d 68, 73–74 (La. App. 4th Cir. 2018), *writ denied*, 252 So. 3d 877 (La. 2018) (**explaining that "[b]ecause the plaintiff has the burden of proving all three elements of the Merchant Liability Statute, 'the failure to prove any is fatal to the claimant's cause of action'"**) (**emphasis** added); *Poindexter v. Lowe's Home Centers Inc.*, 2016 WL 1259861, at *2 (W.D. La. Mar. 28, 2016) (recognizing that the "failure to prove any one of these elements [under La. R.S. 9:2800.6(B)] negates a plaintiff's cause of action").
[30] *Radlein v. Holiday Inns, Inc.*, 971 So. 2d 1200, 1203–04 (La. App. 4th Cir. 2007).
[31] *Id.*
[32] *Id.*

5

dangerous condition, let alone any condition, on the premises which caused Mr. Batiste's fall. Louisiana jurisprudence has long held that "[m]erchants are not insurers of their patrons' safety."[33] "[S]toreowners are not required to insure against all accidents that occur on the premises. They are not absolutely liable whenever an accident happens."[34]

As noted above, the plaintiff's "burden in proving merchant liability requires [him] to first prove that a condition existed and that it presented an unreasonable risk of harm."[35] "While the claimant must make a positive showing of the existence of the condition prior to the fall, a defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall."[36]

Applying the above principles, the Louisiana Fifth Circuit Court of Appeal in *Alonzo v. Safari Car Wash, Inc.*,[37] considered a similar scenario to the present matter. There, in a slip and fall case, the merchant, after the plaintiff's deposition, "point[ed] out that plaintiff stated that he was unsure what caused his fall."[38]

The Louisiana Fifth Circuit accordingly found that the plaintiff failed to establish that the alleged condition of the floor presented an unreasonable risk of harm, explaining that the plaintiff "was unable to identify the condition of the floor in defendant's premises on the date of the fall."[39] *See also* Trench v. Winn-Dixie Montgomery LLC, 150 So. 3d 472, 476 (La. App. 5th Cir. 2014) (finding that a customer failed to meet her burden of proof in proving that the condition of the floor presented an unreasonable risk of harm when the customer admitted she did not know what

---

[33] *Cusimano v. Wal-Mart Stores, Inc.*, 906 So. 2d 484, 488 (La. App. 1st Cir. 2005).
[34] *Id.*
[35] *Thibodeaux v. Brookshire Grocery Co.*, 2018-313 (La. App. 3 Cir. 11/7/18).
[36] *Oster v. Winn-Dixie Louisiana, Inc.*, 881 So. 2d 1257, 1261 (La. App. 5th Cir. 2004), *writ denied sub nom. Oster v. Winn Dixie Louisiana, Inc.*, 888 So. 2d 867 (La. 2004).
[37] 75 So. 3d 509 (La. App. 5th Cir. 2011).
[38] *Id.* at 510.
[39] *Id.* at 512.

6

caused her to fall); *Littlefield v. Iberia Bank*, 900 So. 2d 925 (La. App. 5th Cir. 2005) (affirming summary judgment in favor of the defendant in a slip and fall action when the plaintiff testified that she was not sure what caused her to fall or why she fell, noting "a review of the plaintiff's account of the accident shows that she is unable to testify as to the cause of her fall. She stated that she is unclear what caused the fall").

Likewise, in *Maddox v. Howard Hughes Corp.*, the Louisiana Fourth Circuit Court of Appeal dismissed a plaintiff's claims on summary judgment when the plaintiff failed to put forth any evidence that the escalator she slipped and fell on was defective.[40] In *Howard*, the defendant filed a motion for summary judgment, arguing:

> Ms. Maddox could not meet her burden of establishing the existence of a defect because she "cannot identify or describe what allegedly caused her to slip and fall after stepping onto the escalator." In support of its motion, Howard Hughes attached a copy of Ms. Maddox's deposition in which she repeatedly stated that she did not know what caused her fall. When asked whether she knew what caused her to fall, she replied no. When asked whether she saw anything on the escalator which would have caused her to fall, she replied no. When asked whether the escalator steps were slippery, she replied, "I can't tell you that one. I don't know.[41]

The Louisiana Fourth Circuit agreed with the defendant and granted summary judgment in its favor finding that the plaintiff had failed her burden in showing the existence of any defect on the premises.[42] *See also Bailey v. Fred's Stores of Tennessee Inc.*, 243 Fed. Appx. 850, 852 (5th Cir. 2007) (affirming summary judgment in favor of the defendant merchant under La. R.S. 9:2800.6 in a slip and fall case when the plaintiff "fail[ed] to produce any evidence that a hazardous condition existed," noting that the plaintiff "d[id] not know what caused her to fall" as she testified "'[a]ll I know is I was walking, and I slipped. So I can't tell you what the cause of it was'"); *Harrell v. Wal-Mart Stores E., Inc.*, 2001 WL 826895, at *4 (July 20, 2001), *aff'd*, 33 Fed. Appx. 704 (5th

---

[40] 268 So. 3d 333, 335 (La. App. 4th Cir. 2019).
[41] *Id.* at 338.
[42] *Id.* at 339.

7

Cir. 2002) (granting summary judgment in favor of Walmart in a slip and fall case when the plaintiff failed to offer any evidence of any condition that presented an unreasonable risk of harm, noting the plaintiff testified at her deposition that "she does not know whether there was anything on the floor that caused her to fall, did not feel her foot hit or step on anything, did not see what caused her to fall, and has no information suggesting what it was that caused her to fall").

Similarly, in *Broussard v. Retail Inv'rs of Tex., Ltd*, the Louisiana Third Circuit Court of Appeal considered a similar scenario to the present matter when it affirmed "summary judgment based on the absence of evidentiary support for causation."[43] In *Broussard*, the plaintiff filed suit against a grocery store for a trip and fall incident that occurred on the store's premises.[44] At the plaintiff's deposition, she testified that (1) she "[didn't] know what caused her to trip;" and (2) she did not know what caused her to fall.[45]

The Louisiana Third Circuit explained that "[g]iven [the plaintiff's] testimony that she does not know the cause-in-fact of her injury, coupled with the lack of other evidence as to causation, summary judgment is appropriate in this case."[46] *See also Griffin v. Wal-Mart Louisiana, L.L.C.*, 2015 WL 4162905 (M.D. La. 2015) (granting summary judgment in favor of Walmart because the "[p]laintiff ha[d] failed to make a positive showing of the existence of the condition prior to the fall," reasoning the plaintiff testified at her deposition that she did "not recall what caused her to fall" and "did not look to see if anything caused her to fall"); *Myles v. Cajun Operating Co.*, 2017 WL 8640923 (M.D. La. 2017) (granting summary judgment in favor of the defendant merchant when the plaintiffs "testified that they did not know what caused Myles to fall," highlighting the

---

[43] 123 So. 3d 912, 916 (La. App. 3d Cir. 2013).
[44] *Id.* at 914.
[45] *Id.* at 915-916.
[46] *Id.* at 916.

"[p]laintiffs' concession that they cannot establish why Myles fell and therefore cannot establish fault or causation").

Here, as in the above jurisprudence, Plaintiff has not met his burden of showing that there existed an unreasonably dangerous condition, let alone any condition, on the premises which caused Mr. Batiste's incident at Walmart. As outlined above, Ms. Batiste does not know what caused Mr. Batiste to fall as she never looked at the floor.[47] She admittedly does not know if there was water or anything on the floor.[48] In fact, she never observed nor noticed any water or anything on the floor in the area where Mr. Batiste fell.[49]

Likewise, Plaintiff also admitted that he does not know what, if anything at all, was on the floor in the area where Mr. Batiste fell.[50] Additionally, the photographs taken at the scene sometime after Plaintiff's incident also confirm there was no puddle of rainwater on the ground inside the cart corral.[51]

Accordingly, based on Plaintiff's and Ms. Batiste's deposition testimony and the store incident photographs, there is nothing in the record which Plaintiff can point to show that a hazardous condition, i.e., a puddle of rainwater, was the cause of Mr. Batiste's fall at Walmart. Thus, Plaintiff's allegations in his Complaint that Mr. Batiste slipped and fell in a puddle of rainwater, without more, is merely conclusory and, therefore, insufficient to survive summary judgment. *See, e.g., Hudson v. U. of Tex. Med. Branch*, 441 Fed. Appx. 291, 292 (5th Cir. 2011) (holding that "[t]he non-moving party cannot defeat summary judgment by resting on the allegations of his complaint, forwarding conclusory allegations and unsubstantiated

---

[47] Exhibit B at p. 59.
[48] Exhibit B at pp. 59-60.
[49] Exhibit B at pp. 59-60, 61.
[50] Exhibit C, Plaintiff's deposition transcript at p. 29.
[51] Exhibit D, Photographs of Incident Scene.

assertions, or raising nothing more than 'metaphysical doubt as to the material facts'"); *Sorrow v. Collier*, 776 Fed. Appx. 856, 857 (5th Cir. 2019) (explaining that "the nonmovant cannot avoid summary judgment by resting on the allegations of his pleading or by offering conclusory claims, unsubstantiated assertions, or a mere scintilla of evidence").[52]

Therefore, Plaintiff does not have factual support essential to his claim that an unreasonably dangerous condition, let alone any condition, was the cause of Mr. Batiste's incident at Walmart. Accordingly, for the foregoing reasons, this Court should grant Walmart's motion for summary judgment because Plaintiff cannot produce factual support sufficient to establish that he would be able to satisfy at trial his burden of proof on the issue of the existence of an unreasonably dangerous condition which caused Mr. Batiste's fall.

> **2. Alternatively, this Court Should Dismiss Plaintiff's Claims Against Walmart Because He <u>Has Not</u> Satisfied his Burden of Proving That Walmart <u>Created</u> or Had <u>Actual</u> or <u>Constructive Notice</u> of any Condition on the Floor Prior to Mr. Batiste's Incident.**
>
>> **i. Plaintiff Has Not Met His Burden of Proof in Proving That Walmart Created the Condition Which May Have Allegedly Caused Mr. Batiste's Incident.**

*Assuming arguendo* that there was a substance on the floor, Plaintiff still has not met his burden of proof in proving that Walmart created the condition which allegedly caused Mr. Batiste's incident. The Louisiana First Circuit Court of Appeal has held that "[t]o prove a merchant created a condition that caused an accident, there must be proof that the merchant, and not a store patron, is directly responsible for the hazardous condition."[53]

---

[52] *See also Taylor v. Stevens*, 946 F.3d 211, 227, n. 25 (5th Cir. 2019) (noting "that conclusory allegations are not enough to defeat summary judgment); *Hightower v. Texas Hosp. Ass'n*, 65 F.3d 443, 447 (5th Cir. 1995) (holding that "[a]party opposing summary judgment may not rest on mere conclusory allegations or denials in its pleadings).
[53] *Held v. Home Depot, U.S.A.*, 2016-1252 (La. App. 1 Cir. 6/2/17) (La. App. 1st Cir. June 2, 2017) (citing *Ross v. Schwegmann Giant Super Markets, Inc.*, 734 So. 2d 910, 913 (La. App. 1st Cir. 1999*), writ denied sub nom. Ross v. Schwegmann Giant Supermarkets, Inc.*, 748 So. 2d 444 (La. 1999)).

Applying this principle, in *Ross v. Schwegmann Giant Super Markets, Inc.*, the Louisiana First Circuit found that a customer failed her burden of proof in proving that a merchant was directly responsible for the condition on the floor when "there [was] no evidence that would establish that the crab salad found its way onto the floor because of an act by a Schwegmann employee."[54] *See also Norden v. Wal-Mart Stores, Inc.*, 716 So. 2d 930, 932-33 (La. App. 4th Cir. 1998) (holding that the plaintiff failed to prove that Walmart created the hazardous condition when plaintiff failed to introduce any testimony or evidence to establish who created the condition).

Here, Plaintiff has failed to satisfy his burden of proof in proving that a Walmart employee, rather than a customer, caused the substance to be on the floor, which caused Mr. Batiste's incident. As outlined above, Plaintiff does not know how the condition was created or where it came from.[55] *See, e.g., Alexander v. Wal-Mart Stores, Inc.*, 707 So. 2d 1292, 1295 (La. App. 3d Cir. 1998) (dismissing the claims of a plaintiff, who slipped and fell in water on the floor inside a Walmart on a rainy day, when the plaintiff presented no evidence that Walmart had created the water on the floor).

Accordingly, based on Plaintiff's deposition testimony, Plaintiff **cannot** come forward with any positive evidence showing that it was a Walmart employee, rather than a customer, who created the condition which caused Mr. Batiste's incident.

        ii.    **Plaintiff Has Not Met His Burden of Proof in Proving That Walmart Had Actual Notice of the Condition Which May Have Allegedly Caused Mr. Batiste's Incident.**

*Assuming arguendo* that there was a substance on the floor, Plaintiff still has not met his burden of proof in proving that Walmart had actual notice of the condition on the floor prior to

---

[54] *Ross v. Schwegmann Giant Super Markets, Inc.*, 734 So. 2d 910, 913 (La. App. 1st Cir. 1999), *writ denied sub nom. Ross v. Schwegmann Giant Supermarkets, Inc.*, 748 So. 2d 444 (La. 1999).
[55] Exhibit C at p. 29.

11

Mr. Batiste's incident. As discussed above, Plaintiff does not know if any Walmart employee knew there was anything on the floor in the incident area prior to Mr. Batiste's fall.[56] Likewise, Ms. Batiste does not know if any Walmart employee knew there was any substance on the floor prior to Mr. Batiste's incident.[57] In fact, there were no Walmart employees in the incident area at the time of Plaintiff's fall as the only other person standing in the area at the time was another customer.[58]

As such, based on Plaintiff's and Ms. Batiste's deposition testimony, Plaintiff does not have factual support essential to his claim that Walmart had actual notice of the substance on the floor before Mr. Batiste's incident. *See Williams-Ball v. Brookshire Grocery Co.*, 198 So. 3d 195, 199–200 (La. App. 2d Cir. 2016) (finding that a plaintiff failed to prove the merchant had actual notice of the damage-causing condition when "there was simply no evidence that anyone saw the substance on the floor prior to the incident or reported it to the merchant to put [the defendant grocery store] on actual notice of the damage-causing condition"); *Alexander*, 707 So. 2d at 1295 (dismissing the claims of a plaintiff, who slipped and fell in water on the floor inside a Walmart on a rainy day, when the plaintiff presented no evidence that Walmart had actual notice of the water on the floor).

Accordingly, Plaintiff cannot produce factual support sufficient to establish that he would be able to satisfy at trial his burden of proof on the issue of Walmart's actual notice.

---

[56] Exhibit C at p. 29.
[57] Exhibit B at p. 62.
[58] Exhibit B at pp. 51, 54.

### iii. Plaintiff Has Not Met His Burden of Proof in Proving That Walmart Had Constructive Notice of the Condition Which May Have Allegedly Caused Mr. Batiste to Slip and Fall.

Finally, *assuming arguendo* that there was a substance on the floor, Plaintiff still cannot meet his burden of showing that Walmart had constructive knowledge of the substance on the floor, which allegedly caused Plaintiff's incident. According to La. R.S. 9:2800.6(C)(1):

> 'Constructive notice' means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.[59]

The Louisiana Supreme Court has held that a plaintiff who seeks to prove a merchant's constructive knowledge of an allegedly dangerous condition must show that the condition existed for long enough prior to the fall to put the merchant on notice thereof.[60] In a discussion of the burden of proof necessary for a cause of action pursuant to La. R.S. 9:2800.6(B), the Louisiana Supreme Court explained:

> Because the statute is clear and unambiguous and contains no provision for shifting the burden to the defendant to prove his lack of culpability, we find that it is the plaintiff's burden to prove each element of her cause of action under La. R.S. 9:2800.6(B) (1991). Furthermore, because constructive notice is plainly defined to include a mandatory temporal element, we find that where a claimant is relying upon constructive notice under La. R.S. 9:2800.6(B)(2) (1991), the claimant must come forward with positive evidence showing that the damage-causing condition existed for some period of time and that such time was sufficient to place the merchant defendant on notice of its existence.[61]

To avoid a summary judgment motion on a slip and fall claim against a merchant, mere speculation or suggestion is not enough to meet the stringent burden imposed upon a plaintiff.[62]

---

[59] La. R.S. 9:2800.6(C)(1).
[60] *White, supra*, 699 So. 2d 1081.
[61] *Id.* at 1082.
[62] *Robinson v. Brookshires #26*, 33,713 (La.App. 2 Cir. 8/25/00), 769 So. 2d 639, 642.

13

A plaintiff who simply shows that an allegedly dangerous condition existed without also showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice and those claims are subject to summary dismissal.[63]

While the claimant must make a positive showing of the existence of the condition prior to the accident, a defendant merchant does not have to make a positive showing of the absence of the condition prior to the incident.[64] In *Oster v. Winn-Dixie*, a store patron brought a premises liability action against a grocery store after slipping on a piece of plastic and striking his head on a steel display shelf. In affirming summary judgment for the store, the Louisiana Fifth Circuit Court of Appeal stated, "[b]ecause it is the claimant's burden to prove the existence of the condition for some period of time, the absence of evidence cannot support the claimant's cause of action. Rather, the absence of evidence is fatal to the claimant's cause of action."[65]

Similarly, in *Alexander v. Wal-Mart Stores, Inc.*, the Louisiana Third Circuit Court of Appeal dismissed the claims of a plaintiff, who slipped and fell in water on the floor inside a Walmart on a rainy day, when the plaintiff failed to present any positive evidence about how long the water had been on the floor.[66] In *Alexander*, the only evidence regarding the length of time that the condition existed, which the plaintiff could point to was (1) "it had been raining for an extended period;" and (2) "the area was last mopped at least **one hour** before the fall."[67]

The Louisiana Third Circuit, however, rejected this evidence, reasoning:

---

[63] *Babin v. Winn-Dixie Louisiana, Inc.*, 2000-0078 (La. 6/30/00), 764 So. 2d 37; *Oster v. Winn-Dixie*, 04-117 (La.App. 5 Cir. 8/31/04), 881 So. 2d 1257, *writ denied*, 2004-2414 (La.12/17/04), 888 So. 2d 867; *Mack v. Shoney's Inc.*, 07-922 (La.App. 5 Cir. 3/11/08), 983 So. 2d 114 (affirming summary judgment in slip and fall case due to lack of positive evidence of constructive notice); *Wright v. SSC Service Solutions, Inc.*, 07-219 (La.App. 5 Cir. 9/25/07), 968 So. 2d 759 (same); *Boeshans v. Petsmart, Inc.*, 06-606 (La.App. 5 Cir. 1/16/07), 951 So. 2d 414 (same); *Campo v. Winn-Dixie Louisiana, Inc.*, 02-47 (La.App. 5 Cir. 5/15/02), 821 So. 2d 94 (same).
[64] *Oster*, 881 So. 2d at 1261.
[65] *Id.*
[66] *Alexander v. Wal-Mart Stores, Inc.*, 707 So. 2d 1292, 1295 (La. App. 3d Cir. 1998).
[67] *Id.* (**emphasis** added).

14

This is not sufficient to carry the burden of showing that the wet condition had existed for a sufficient period to allow the merchant to discover its existence with the exercise of reasonable care. Because it is the claimant's burden to prove [the condition's] existence for some period of time, the absence of evidence can not support the claimant's cause of action. Rather the absence of evidence is fatal to the claimant's cause of action.[68]

Accordingly, the Louisiana Third Circuit explained that the plaintiff had not carried his burden of showing that Walmart had constructive notice of the water on the floor.[69]

Likewise, in *Jones v. Brookshire Grocery Co.*,[70] the Louisiana Second Circuit Court of Appeal held that a customer had failed to establish that a grocery store owner had constructive knowledge of an alleged wrinkle in a mat near the exit that allegedly caused the customer to fall, as required for the customer to recover on a premises liability claim because there was no evidence as to how the wrinkle in the mat was created or how long it had been there.[71]

A claimant who simply shows that a condition existed at the time of the fall without an additional showing that the condition existed for some time before the fall has not carried her burden of proving constructive notice.[72] For example, in *Norden v. Wal-Mart Stores, Inc.*, the Louisiana Fourth Circuit Court of Appeal dismissed a plaintiff's claims against Walmart when the plaintiff failed to introduce any testimony or evidence to establish the time period that the protruding boxes existed prior to her trip and fall.[73] In support of its dismissal of plaintiff's claims, the Louisiana Fourth Circuit found it especially significant that "in plaintiff's own testimony, she

---

[68] *Id.* (internal citations and quotations omitted).
[69] *Id.* at 1294-95.
[70] 37,117 (La.App. 2 Cir. 5/14/03), 847 So. 2d 43.
[71] *See also Robinson v. Brookshires #26*, 33,713 (La.App. 2 Cir. 8/25/00), 769 So. 2d 639 (no evidence existed as to how long a puckered rug on which a customer tripped and fell existed, and thus the store did not have constructive notice of the condition).
[72] *See White v. Wal-Mart Stores, Inc.*, 699 So. 2d 1081, 1084 (La. 1997); *Rhea v. Winn Dixie Mkt. Place Store*, 849 So. 2d 759, 761 (La. App. 4th Cir. 2003).
[73] *Norden v. Wal-Mart Stores, Inc.*, 716 So. 2d 930, 933 (La. App. 4th Cir. 1998).

admit[ed] that she does not know how long the boxes were protruding from the shelf prior to her fall."[74]

Likewise, in *Williams v. Shoney's, Inc.*,[75] the Louisiana First Circuit affirmed summary judgment in favor of Shoney's in a slip and fall case, because the plaintiff had not seen the spill before her fall, and admitted in her deposition that she had no knowledge or information concerning how long the foreign substance had been on the floor before her fall. The Louisiana First Circuit explained:

> Plaintiff could not establish constructive notice by defendant herein as she submitted no testimony or evidence establishing the length of time the spill remained on the floor. She testified in her deposition that she was unable to say whether the liquid had been there seconds or minutes. In fact, she candidly admitted that she had no idea how long the liquid had been on the floor prior to the accident.[76]

Similarly, in *Coleman v. Wal-Mart Stores, Inc.*,[77] the Louisiana First Circuit granted summary judgment in favor of Walmart when the plaintiff, who alleged to have slipped and fell on liquid on the floor, **failed to show** that (1) "any Walmart employee caused the liquid to be on the floor;" (2) "any Walmart employee had actual notice of the liquid on the floor prior to the accident;" and (3) "the liquid was on the floor for any period other than the briefest of moments before the accident." Based on the plaintiff's proffered evidence, the Louisiana First Circuit accordingly reasoned that Walmart neither had actual nor constructive notice of the liquid on the floor.

In *Kennedy v. Wal-Mart Stores, Inc.*, the Louisiana Supreme Court held that a plaintiff had failed his burden of proof on the issue of constructive notice even though the plaintiff had produced

---

[74] *Id.*
[75] 1999-0607 (La.App. 1 Cir. 3/31/00), 764 So. 2d 1021.
[76] *Id.* at 1024.
[77] 721 So. 2d 1068, 1070 (La. App. 1st Cir. 1998).

evidence showing the general area where he fell on a **rainy day** was (1) within view of a customer service podium; and (2) within feet of a Walmart cashier and Walmart customer service manager.[78]

The trial court found that Walmart had constructive notice of the puddle, reasoning the Walmart associates "clearly had a good close-up look at the area where [plaintiff] fell before he arrived there."[79] The trial court also explained that because "it was raining that day, [Walmart] knew or should have known that wet footed customers were likely to create a hazard."[80] The Louisiana Third Circuit Court of Appeal affirmed the trial court's holding.[81]

The Louisiana Supreme Court, however, reversed the Louisiana Third Circuit and trial court, explaining:

> [The] plaintiff presented absolutely no evidence as to the length of time the puddle was on the floor before his accident. Therefore, plaintiff did not carry his burden of proving Wal-Mart's constructive knowledge of the condition. Because plaintiff failed to prove an essential element of his cause of action under La. R.S. 9:2800.6, the trial court committed legal error in allowing plaintiff to recover, and the court of appeal erred in affirming this judgment. Accordingly, we must reverse.

Likewise, in *Fountain v. Wal-Mart Stores, Inc., et al*, the Louisiana Third Circuit recently considered a similar scenario to the instant matter when it granted summary judgment in favor of Walmart.[82] In *Fountain*, the plaintiff slipped and fell in a puddle of water at a Walmart just several feet away from the store's entrance.[83] It was raining at the time of the incident.[84] There were also other water drippings scattered on the floor in the area and an employee standing in the area where the plaintiff fell.[85]

---

[78] *Kennedy v. Wal-Mart Stores, Inc.*, 733 So. 2d 1188, 1191 (La. 1999).
[79] *Id.* at 1189, n.1.
[80] *Id.*
[81] *Id.* at 1190.
[82] *RICHARD FOUNTAIN V. WAL-MART STORES, INC. AND/OR WAL-MART LOUISIANA, LLC*, 2020 WL 1307417, 2019-669 (La. App. 3 Cir. 3/18/20).
[83] *Id.* at 1.
[84] *Id.*
[85] *Id.*

17

Walmart moved for summary judgment, arguing that the plaintiff failed to prove that Walmart had constructive notice of the puddle of water on the floor.[86] In response, the plaintiff argued that "Wal-Mart's knowledge of the rain and shoppers entering the building established the temporal element needed to establish constructive knowledge."[87]

The Louisiana Third Circuit, however, rejected the plaintiff's contentions.[88] The Louisiana Third Circuit, citing *Kennedy v. Wal-Mart Stores, Inc.*,[89] explained that "under *Kennedy*, any evidence that it was raining, that an area in which a fall occurred was visible to store personnel, and/or that Wal-Mart should have foreseen the hazard created by rain puddles at or near the entrance of this high volume store because it knew it was raining, is insufficient to support a finding that it had constructive notice."[90] The Louisiana Third Circuit went on to conclude that the plaintiff "did not carry his burden of proving that Wal-Mart had constructive knowledge of the condition," reasoning the plaintiff "failed to present evidence as to the length of time the puddle was on the floor prior to the accident."[91]

Here, as in the cases discussed above, *assuming arguendo* that there was a substance on the floor, Ms. Batiste, who was with Mr. Batiste at the time of the incident, admitted that she does not know how long the substance was on the floor before Mr. Batiste's fall.[92] Therefore, Plaintiff does not have factual support essential to his claim that Walmart had constructive notice of any alleged substance on the floor prior to Mr. Batiste's incident. Thus, Plaintiff cannot produce factual support sufficient to establish that he would be able to satisfy at trial his burden of proof

---

[86] *Id.* at 2.
[87] *Id.* at 5.
[88] *Id.* at 6.
[89] *Kennedy v. Wal-Mart Stores, Inc.*, 733 So. 2d 1188 (La. 1999).
[90] *RICHARD FOUNTAIN V. WAL-MART STORES, INC. AND/OR WAL-MART LOUISIANA, LLC*, 2020 WL 1307417 at 6, 2019-669 (La. App. 3 Cir. 3/18/20).
[91] *Id.*
[92] Exhibit B at pp. 61-62.

on the issue of Walmart's constructive notice.

Accordingly, this Court should grant Walmart's Motion for Summary Judgment because Plaintiff has not and cannot put forth any evidence that Walmart created or had actual or constructive notice of any alleged condition which may have caused Mr. Batiste to slip and fall on the premises.

### III. CONCLUSION

For the foregoing reasons, Plaintiff has not and cannot put forth any evidence that (1) Mr. Batiste's fall was caused by an unreasonably dangerous condition, or let alone any condition for that matter, on the premises; or (2) Walmart created or had actual or constructive notice of any alleged condition which may have caused Mr. Batiste's fall. Accordingly, this Court should grant Walmart's Motion for Summary Judgment and dismiss Plaintiff's claims against it with prejudice, at Plaintiff's cost.

Respectfully submitted,

/s/ Isidro René DeRojas
**SIDNEY J. HARDY, T.A. (#1938)**
**ISIDRO RENÉ DEROJAS (#18182)**
**CHRISTOPHER JAMES-LOMAX (#37174)**
**McCRANIE, SISTRUNK, ANZELMO,**
**HARDY, McDANIEL & WELCH, LLC**
909 Poydras Street, Suite 1000
New Orleans, LA 70112
Telephone: (504) 831-0946
Facsimile: (800) 977-88210
ird@mcsalaw.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the Court's electronic filing system this 17th day of November, 2020.

/s/ Isidro René DeRojas
**ISIDRO RENÉ DEROJAS (#18182)**