UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA


ASHTON W. BATISTE                           CIVIL ACTION

v.                                          NO. 19-11474

WALMART INC. d/b/a                          SECTION "F"
WALMART NEIGHBORHOOD MARKET, ET AL.


ORDER AND REASONS

Before the Court is a motion for summary judgment by Walmart, Inc. and Wal-Mart Louisiana, L.L.C., both doing business as Walmart Neighborhood Market.  For the reasons that follow, the motion is GRANTED.

**Background**

This case arises from a slip and fall at a Walmart Neighborhood Market. Ashton W. Batiste claims that his father, Elton Batiste Jr. ("Mr. Batiste"), injured himself after he slipped and fell in a puddle of rainwater located in the cart vestibule ("cart corral") at a Walmart in Gretna, Louisiana. It is also alleged that Mr. Batiste's injury contributed to his death some time later.

These facts are undisputed. On June 18, 2018, Mr. Batiste slipped and fell, allegedly, in a puddle of rainwater located

inside the cart corral at Walmart in Gretna, Louisiana. Cheryl Ann Batiste ("Ms. Batiste") was with her brother, Mr. Batiste, at the time of the incident. It was raining when Mr. and Ms. Batiste arrived at Walmart late morning. Walking ahead of Ms. Batiste, Mr. Batiste entered Walmart through the cart corral area, and then fell there.  No one saw him fall. Customers are not supposed to enter the store through the cart corral opening, as it was obvious that the cart corral area is intended and used for bringing in shopping carts from outside; however, the area is accessible through the interior of the store and sometimes patrons took a short cut through the cart corral.[1]

Ms. Batiste did not see her brother fall or exactly what caused the fall; she did not look to see if there was a puddle of water on the floor. Ms. Batiste testified that she did not know if there was water or anything else on the floor of the cart corral that could have caused Mr. Batiste's fall. There were no Walmart employees in the cart corral at the time of Mr. Batiste's fall. Due to the fall, Mr. Batiste fractured his left humerus, for which he underwent surgery.

---

[1] Walmart Asset Protection Associate Lester Perkins, who assisted in the investigation of the June 18, 2018 incident, testified that "based on the [low] height of that cart corral or that entrance [it] should be common knowledge [that] [i]t's not an entrance for a walk through, it's for carts."

Mr. Batiste later died "secondary to complications from pre-existing cancer."  Mr. Batiste's son sued Walmart, Inc. and Wal-Mart Louisiana, L.L.C., both doing business as Walmart Neighborhood Market, in state court, seeking to recover damages related to Mr. Batiste's slip and fall.  The defendants removed the case to this Court, invoking the Court's diversity jurisdiction.  Walmart now seeks summary judgment in its favor, contending that the plaintiff cannot establish the existence of any puddle of rainwater that caused Mr. Batiste's fall, or otherwise prove each of the essential elements of his claim under Louisiana's Merchant Liability Act, La. R.S. § 9:2800.6.[2]

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  A genuine

---

[2] The parties dispute whether a puddle of rainwater was present in the cart corral at the time of Mr. Batiste's accident. Walmart submits that there is no evidence indicating that such a puddle existed. The plaintiff counters that circumstantial evidence suggests a likelihood that there was a puddle in the cart corral.

dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See id. In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987); Fed. R. Civ. P. 56(c)(2). "[T]he nonmoving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." Hathaway v. Bazany, 507 F.3d 312, 319 (5th Cir. 2007) (internal quotation marks and citation omitted). Ultimately, "[i]f the evidence is merely colorable . . . or is not significantly probative," summary judgment is appropriate. Anderson, 477 U.S. at 249 (citations omitted); King v. Dogan, 31 F.3d 344, 346 (5th Cir. 1994)("Unauthenticated documents are improper as summary judgment evidence.").

4

Summary judgment is also proper if the party opposing the motion fails to establish an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In deciding whether a fact issue exists, courts must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. Scott v. Harris, 550 U.S. 372, 378 (2007). Although the Court must "resolve factual controversies in favor of the nonmoving party," it must do so "only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Antoine v. First Student, Inc., 713 F.3d 824, 830 (5th Cir. 2013)(internal quotation marks and citation omitted).

## II.

The Louisiana Merchant Liability Act, La. R.S. § 9:2800.6, establishes the plaintiff's burden of proof in slip-and-fall claims against merchants like Walmart:

> A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, **the claimant shall have**

> **the burden of proving, in addition to all other elements of his cause of action, all of the following:**
>
> (1)  The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2)  The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3)  The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove exercise of reasonable care.
>
> . . .

La. R.S. § 9:2800.6 (emphasis added). Louisiana law is clear that a plaintiff must prove each of the three elements set forth in the Act; this "places a heavy burden of proof on plaintiffs in claims against a merchant for damages arising out of a fall on the premises." Jones v. Brookshire Grocery Co., 847 So.2d 43, 48 (La. App. 2 Cir. 5/14/03). Moreover, the burden of proof under the Act never shifts to the defendant. Melancon v. Popeye's Famous Fried Chicken, 59 So. 3d 513, 515 (La. App. 3 Cir. 2011) (citing White v. Wal-Mart Stores, Inc., 699 So. 2d 1081 (La. 1997)). Thus, the Act is a "decidedly pro-defendant statute." Welch v. Winn-Dixie Louisiana, Inc., 655 So.2d 309, 314 (La. 1995), *overruled in part on other grounds by* White v. Wal-Mart Stores, Inc., 699 So. 2d 1081 (La. 1997).

The Louisiana Supreme Court has interpreted this very direct statute to require the plaintiff to prove the existence of the condition or hazard for some period of time before the incident. See White v. Wal-Mart Stores, Inc., 699 So. 2d 1081, 1084 (La. 1997); see also Courville v. Target Corp. of Minn., 232 F. App'x 389, 391-92 (5th Cir. 2007). If the plaintiff fails to prove that the condition existed for some time before the fall, "[t]he statute does not allow for the inference of constructive notice." See White, 699 So. 2d at 1084. "Though the time period need not be specific in minutes or hours," the Louisiana Supreme Court has instructed, the requirement that "the claimant prove the condition existed for some time period prior to the fall" imposes a clear and unequivocal temporal element. Id. at 1084-85. This temporal component -- whether the time period is lengthy enough that a merchant, exercising reasonable care, would have or should have discovered the hazard alleged (here, an alleged puddle of rainwater) -- is a question of fact, which the plaintiff must prove. Id. at 1084.

To meet his burden, the plaintiff must make a "positive showing of the existence of the condition" for some time period "prior to the fall." Leger v. Wal-Mart La. LLC, 343 F. App'x 953, 954 (5th Cir. 2009); see Babin v. Winn-Dixie Louisiana, Inc., 764 So. 2d 37, 40 (La. 2000). "'Mere speculation or suggestion' is not sufficient to meet this burden, and courts will not infer

7

constructive notice for the purposes of summary judgment where the plaintiff's allegations are 'no more likely than any other potential scenario.'"  See Bagley v. Albertson's, Inc., 492 F.3d 328, 330 (5th Cir. 2007)(quoting Allen v. Wal-Mart Stores, Inc., 850 So.2d 895, 898-99 (La. App. 2d Cir. 2003)); see also McDowell v. Wal-Mart Stores, Inc., 811 F. App'x 881, 884 (5th Cir. 2020).

                                III.

     The defendants seek summary judgment dismissing the plaintiff's merchant liability claim on the grounds that the plaintiff cannot prove the essential elements of: the presence of a hazardous puddle, creation by Walmart of the alleged hazardous condition, and Walmart's constructive knowledge of the alleged hazardous condition. The plaintiff counters that photographs and witness testimony prove the existence of the hazardous condition, Walmart's creation of the hazardous condition, and Walmart's constructive notice of the hazardous condition. The defendants reply that summary judgment is warranted for three reasons: first, the photographs submitted do not show the existence of a hazardous condition; second, a plaintiff cannot prove that Walmart created the alleged hazardous condition simply because it was located on Walmart's premises; third, the plaintiff has not provided any evidence proving the alleged hazardous condition was present for

                                 8

any duration of time before Mr. Batiste's fall.  The Court agrees
that summary judgment in the defendants' favor is warranted.[3]

*A.*

First, Walmart argues that the plaintiff has failed in his
burden to prove a hazardous condition existed. The plaintiff has
failed to come forward with competent evidence to carry his burden
on an essential element of his case, to show that a hazardous or
foreign substance existed on the floor of the cart corral area.
Donaghey, 974 F.2d at 649. Rather than relying on conclusory
allegations or theories, the plaintiff must present the Court with
evidence that shows an actual controversy.  Antoine, 713 F.3d at
830; Hathaway, 507 F.3d at 319.  He fails to do so.

Here, there are photographs in the summary judgment record,
which Walmart Asset Protection Associate Lester Perkins testified
were taken by Walmart of the area where Mr. Batiste fell, after
the incident was reported.  Each of the three photographs show a
portion of the cart corral area (on the left side of the photo)
and the pavement immediately outside of it (on the right side of
the photo).  The left-hand side of one of the photographs shows
what appears to be the knees of an individual (wearing jeans and
a blue short-sleeve shirt) sitting on his knees on the floor, which

---

[3] Although the plaintiff fails to support his allegation that there
was a hazardous condition and could end the discussion there for
failure to prove an essential element of the claim, the Court will
address each of the issues presented by the defendants' motion.

was apparently Mr. Batiste after he fell. The photos show what appears to be wet pavement immediately outside the cart corral area and, in the left-hand side of the "doorway" between the outside pavement and inside corral area, there is a small wet portion of floor immediately inside where it appears rain directly entered the car corral; inside the cart corral, the photos show a predominantly dry floor with a few drops of water and a few boot or shoe treads as if someone stepped with wet shoes on the dry floor. Notably, there are no photographs or video footage of the area prior to Mr. Batiste's fall; the only photographs in the record fail to show any puddle in which the plaintiff claims his father slipped and the photos lack indication of any smeared shoe tread that would suggest how or where an individual may have slipped in water.

Simply put, there is no testimony or evidence supporting the plaintiff's theory that a hazardous puddle of rainwater must have existed inside the cart corral. Considering the only evidence in the record showing the general area of Mr. Batiste's fall simply confirms that it had been raining outside and shows some wet shoe prints inside, there being no evidence indicating that there was a puddle of rainwater in which Mr. Batiste may have slipped, the Court finds that the plaintiff has failed to prove the existence of a hazardous condition as required by La. R.S. § 9:2800.6.

*B.*

Second, even if the plaintiff had submitted evidence to show that a puddle (or other hazardous condition) existed on the cart corral floor, the defendants submit that summary judgment is warranted for the independent reason that the plaintiff fails to prove that Walmart created a hazardous condition. The plaintiff argues that Walmart failed to maintain the area as required by Louisiana's merchant liability statute: by failing to mop or restrict the area, it is argued, Walmart created the hazardous condition. The defendants contend, at most, the plaintiff submits that Walmart failed to act with reasonable care and that this singular submission fails under the merchant-protective law that applies here because the plaintiff must also show that Walmart either created or had notice of the condition. The Court agrees. A merchant's failure to act with reasonable care when maintaining its premises is not tantamount to creation of a hazardous condition sufficient to meet the requirement of La. R.S. § 9:2800.6(C)(2). See Matlock v. Brookshire Grocery Co., 285 So. 3d 76 (La. App. 2d Cir. 2019)(finding plaintiff's assertion that defendant's failure to maintain a watermelon display created a hazardous condition actually addressed La. R.S. § 9:2800.6(B)(3) requirement of reasonable care, not La. R.S. § 9:2800.6's creation requirement).

Here, again, the plaintiff has failed to present any evidence to show that Walmart created the puddle of rainwater in the cart

corral.  As the plaintiff admits, customers sometimes walk through the cart corral to enter the store.  Assuming that there was a hazardous condition -- a puddle of rainwater -- in the cart corral area, on this record, it is just as possible that a Walmart patron created the hazardous condition.  Absent any evidence, the Court cannot infer that the merchant created a hazardous condition simply because it has a duty to maintain the area.

### C.

Third, Walmart argues that the plaintiff fails to offer evidence to support his burden to show constructive notice by showing the existence of the hazardous condition for some amount of time before Mr. Batiste's fall. Mr. Batiste relies on the depositions of Gavin Stevens, Dodie Walker, and Cheryl Batiste. Gavin Stevens, an employee at Walmart, generally states in his affidavit that water would enter the cart corral area every time it rained. Dodie Walker, a former Customer Service Manager at Walmart on the day of the incident, and Cheryl Batiste both testified that it had been raining before Mr. Batiste's fall.  That it had been raining is confirmed by the photographs and the video. Taken together, the plaintiff submits, this evidence indicates that the area inside the cart corral previously became wet when it rained and, because it started raining before Mr. Batiste entered

the cart corral, the floor of the cart corral area must have had rainwater on it.

Critically, however, the fact witnesses offered by the plaintiff admit that they did not personally witness Mr. Batiste fall, nor did they see the condition of the floor where he fell before his fall, or what caused him to fall. Cheryl Batiste admits to walking behind Mr. Batiste and not seeing his fall. Dodie Walker came upon the scene after Mr. Batiste had already fallen. Neither were able to comment on the condition of floor at the time Mr. Batiste fell. Because of this, Walmart insists that the plaintiff has failed to carry his burden to show that the condition existed for such a period of time that it would have been discovered had Walmart exercised reasonable care. See La. R.S. § 9:2800.6(C)(1). In making this assertion, Walmart relies on the plaintiff's failure to provide affirmative evidence indicating the presence of the puddle before Mr. Batiste's fall.  In fact, there is no evidence in the summary judgment record speaking to the condition of the floor where Mr. Batiste fell, before his fall, to support the plaintiff's theory that he slipped in a puddle of rainwater. As discussed previously, the photos show a dry floor with some boot prints and the video of the store entrance (not the cart corral) merely indicates that it began raining about ten minutes prior to Mr. Batiste's fall.  The Court agrees with Walmart and finds that

the evidence offered by the plaintiff respecting the temporal component of constructive notice is merely speculative.

Absent from the record is any evidence indicating that a puddle of rainwater existed on the floor for some time prior to Mr. Batiste's fall, sufficient to confer constructive notice. Having no evidence of actual notice, the plaintiff resorts to evidence indicating that rainwater had entered the cart corral on prior rainy days and that it had been raining on the day of Mr. Batiste's accident.[4]   Because inclement weather created hazardous conditions in the past, the argument goes, Walmart should be charged with constructive knowledge of hazardous conditions created by the rainy day in this instance.

The Court disagrees; the evidence provided by the plaintiff is not probative, but merely speculative, with respect to the incident in this case.  See McDowell v. Wal-Mart Stores, Inc., 811 F. App'x 881, 884 (5th Cir. 2020)(where the plaintiff presented no surveillance footage of the fall or the water on the ground before the fall or testimony, but instead merely speculates that other customers caused the spill, the plaintiff has no positive evidence of how long the water was there before the fall and therefore fails

---

[4] In her deposition, Ms. Batiste stated that it had been raining the evening before and the morning of the day she and Mr. Batiste arrived at Walmart. Additionally, Dodie Walker, a Walmart employee working at the time of Mr. Batiste's injury, stated that it had been raining for about half an hour before Mr. Batiste's fall.

to prove constructive notice, which may not be inferred due to a lack of evidence).  Absent from the summary judgment record is any evidence speaking to the conditions of the cart corral before Mr. Batiste fell, on the day that he fell. Evidence suggesting the condition of the cart corral on other rainy days as well as the weather on the morning of the incident is insufficient to show that Walmart had constructive notice of the hazardous condition for sufficient time at the particular time of Mr. Batiste's fall. See Kennedy v. Wal-Mart Stores, Inc., 733 So. 2d 1188, 1191 (La. 1999)(finding evidence of inclement weather was insufficient to prove constructive knowledge of a puddle of rainwater); see also Fountain v. Wal-Mart Stores, Inc., 297 So. 3d 100 (La. App. 3d Cir. 2020)(noting that evidence that it was raining at the time of the incident is insufficient to prove the length of time a puddle was on the floor prior to the plaintiff's fall). Evidence of prior inclement weather that might or could create hazardous conditions in theory does not support the inference that on the day of Mr. Batiste's accident, there was, in fact, a hazardous condition of which Walmart had constructive knowledge for some period before the slip and fall. To infer constructive notice in this case would be tantamount to shifting the burden of proof to the merchant in violation of the state statute.

**\*\*\***

Ultimately, the plaintiff presented no *probative* evidence that any hazardous condition existed and caused his father to fall, that Walmart created any such condition, or that Walmart had constructive knowledge of the condition.   Although he contends that the photographs are sufficient to prove the existence of rainwater, the only photographs in the record show that the interior of the cart corral post-incident was dry, save a few, intact wet boot or shoe prints or other stray droplets of water.

Bound by the patently protective character of Louisiana's Merchant Liability Act, the Court finds that the plaintiff fails to establish an essential element of his claim as required by Louisiana law and that Walmart is entitled to judgment as a matter of law.

Accordingly, for the foregoing reasons, IT IS ORDERED: that the defendants' motion for summary judgment is GRANTED; the plaintiff's case is hereby dismissed.

New Orleans, Louisiana, January 6, 2021

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE